982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Lance Carlos NEVELS, Appellant.
 No. 92-1419.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: October 16, 1992.
 
 Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and LARSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Lance Carlos Nevels appeals his convictions for possession with intent to distribute crack cocaine within one thousand feet of a school and possession of a firearm during and in relation to a drug offense. We affirm.
 
 
 2
 During a court-authorized search of a house, police found crack cocaine and various items connecting Nevels to the house, including two appeal bond receipts. Nevels was not at the house when the police searched it. When the police later interviewed Nevels, he denied knowledge of the crack cocaine, but said he had sold powdered cocaine a year earlier. At trial, the district court admitted Nevels's statement to show intent and motive and the receipts to show Nevels's control over the house and crack cocaine. On appeal, Nevels contends the evidence is inadmissable under Federal Rule of Evidence 404(b) and that, under Federal Rule of Evidence 403, the danger of unfair prejudice outweighs its probative value.
 
 
 3
 Evidence of past acts is admissible under Rule 404(b) if: (1) the evidence is relevant to a material issue; (2) the past acts are similar in kind and reasonably close in time to the crime charged; (3) there is sufficient evidence to support a jury finding that the defendant committed the past acts; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value. United States v. Wint, Nos. 91-3831, 91-3832, 91-3855, 1992 WL 206277, at * 5 (8th Cir. Aug. 28, 1992). The district court has broad discretion to admit evidence under Rule 404(b), and we will reverse only when the evidence clearly has no bearing on any relevant issue. Id.
 
 
 4
 After reviewing the record, we conclude the district court properly admitted Nevels's statement. Nevels's earlier sales of powdered cocaine are relevant to prove Nevels's intent to distribute, sufficiently similar to his possession of crack cocaine with intent to distribute, and reasonably close in time to this offense. Id.; United States v. Huff, 959 F.2d 731, 737 (8th Cir. 1992), petition for cert. filed, No. 91-8673 (U.S. June 19, 1992), and petition for cert. filed, No. 91-8757 (U.S. June 26, 1992). Nevels did not deny the truth of his statement, and we cannot say the potential prejudice of the statement substantially outweighed its probative value. We also conclude the district court properly admitted the receipts to establish Nevels's control over the house and crack cocaine. The district court did not admit the receipts to show Nevels's propensity to commit the crime. Nevels concedes the receipts relate to a material issue and do not list the crime for which he was arrested. Thus, we conclude the district court did not abuse its discretion in admitting the evidence under Rules 403 and 404(b).
 
 
 5
 Nevels also contends the district court failed to identify its reasons for admitting his admission and receipts. The record refutes this contention.
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation